Cohn, J.
Respondent, an Illinois corporation, employed "Victor M. Calderon Co., Inc., as a broker to sell asparagus tips, which were then in transit from California. According to respondent, the broker’s instructions were to sell these goods at $2.85 per dozen plus 35/ per hundred weight to cover freight charges from California to Chicago and in addition thereto, f. o. b. Chicago. The broker sold the merchandise at “ $2.85 dozen net, f. o. b. Chicago, plus 35/ per 100 lbs. freight to New York.”
*691 When the sale was made, the broker sent what is referred to in the trade as a “sold note” to respondent and a “bought note” to petitioner, who is the appellant here, on the broker’s own printed form. A provision to the effect that all matters in dispute between the parties should be submitted to arbitration pursuant to the rules of the Association of Food Distributors, Inc., was included in both the sold and bought notes.
After the merchandise was delivered, petitioner refused to pay the cost of freight from Chicago to New York in excess of 35¡5 per 100 pounds. This excess amounted to $467.80.
On September 4, 1946, petitioner wrote to respondent notifying the latter by registered mail that it desired to submit the matter concerning the alleged excess freight charge to arbitration before the Association of Food Distributors, Inc. This communication, it is urged, gave ample notice to respondent of the nature of the controversy. In a letter sent to respondent dated September 17, 1946, the Association of Food Distributors, Inc., stated that an arbitration would be had in New York City on October 3,1946. Respondent did not participate in the selection of arbitrators or in any of the proceedings before them but defaulted, although it had the opportunity to defend.
On the motion to confirm the award respondent submitted to the jurisdiction of the court by a general appearance and by contesting the motion to confirm on its merits. At Special Term, it opposed the application on the ground that there was no written agreement to arbitrate because the bought and sold notes do not constitute a contract. Respondent also contended that the contract to arbitrate lacked mutuality and that the arbitrators were not impartial. The court overruled these arguments, but held, however, that the motion to confirm must be denied because the arbitrators failed to comply with the statutory requirement that a time and place of hearing be fixed and that notice thereof be given to the parties (Civ. Prac. Act, § 1454).
The notice of arbitration sent to respondent fixing the time and place of hearing was signed by the executive secretary of the association. The question is thus presented as to whether such notice is sufficient compliance with the statute. The notice given by the executive secretary was an act performed on behalf of the arbitrators. Concededly it was received by respondent and it was caused to be sent by the arbitrators as required by section 1454 of the Civil Practice Act, which provides: “ 1. Subject to the terms of the submission or contract, if any are specified therein, the arbitrators selected as prescribed in this *692 article must appoint a time and place for the hearing of the matters submitted to them, and must cause notice thereof to be given to each of the parties. * * *■ ”
The arbitration rules of the Association of Food Distributors, Inc., are formulated in accordance with the aforementioned section of the Civil Practice Act. After appointment, the arbitrators are required to designate the time and place of arbitration in accordance with section Y, subdivision 1, of the arbitration rules.
The time and place of arbitration here were fixed by the arbitrators and the notice thereof was given by the executive secretary of the association as required by section Y, subdivision 2, of the arbitration rules which provides: “ The Executive Secretary shall give notice by telephone, telegraph, cable or by mail to the parties and to the arbitrators at least twenty-four hours prior to the time fixed for the hearing, unless such notice is waived by the parties.”
There is no claim that the notice mailed some sixteen days in advance of the hearing was not a timely one.
We hold that the notice in the circumstances here was reasonable; that the nature of the dispute had been adequately set forth in the earlier communication to respondent and that there was full compliance with the provisions of the statute. All that the law. requires is that the arbitrators * ‘ must cause notice ’ ’ of the hearing * ‘ to be given. ’ ’ The acts of the agent of the arbitrators, in this case the executive secretary of the association, are the acts of the arbitrators. The statute does not command that arbitrators must personally sign and mail notice of arbitration.
Though the claim was overruled by the Special Term, respondent again urges that the bought and sold notes do not constitute a contract. This argument, we think, was properly rejected. Respondent retained the broker’s confirmation of sale, which contained the printed provision for arbitration, and having acted thereon is estopped from denying the broker’s authority. It also appears that the broker who issued the bought and sold notes conducted other transactions in behalf of respondent and that in each of these transactions a confirmation of sale was issued containing the same arbitration clause as the one involved here and that the arrangement was never questioned by respondent.
The facts in connection with the bought and sold notes are not essentially distinguishable from those stated in Matter of Huxley (294 N. Y. 146) wherein it was held that such notes *693 when acted upon by both parties constitute a written contract for arbitration of a future dispute. The court there, in an opinion by Lottghran, Chief Judge, said at page 150: “The documents which the broker delivered to the parties were bought and sold notes — instruments Avhich have long been used in the marketing of commodities through merchandise brokers. Four forms of these notes have been recognized. (4 Amer. & Eng. Ency. of Luav [2d ed.] 751.) The first (which was employed in the present case) is one in which the broker professes to act for both parties Avhose names are disclosed in the notes. An acceptance by the parties of bought and sold notes of that type makes a contract in the terms thereof, inasmuch as thereby each party admits that the broker was his agent in the transaction. (Benjamin on Sales [7tli ed.], 293-294.) The bought and sold notes in question Avere still in the possession of the parties Avhen the goods Avere dehvered and paid for. Under such circumstances, these notes necessarily became a contract binding upon the buyer and seller respectively. (Newberry et al. v. Wall, 84 N. Y. 576; Childs v. Riley Co., 186 App. Div. 775. See Remich v. Sanford, 118 Mass. 102.) ”
As for the other points raised by respondent, namely, that the contract lacks mutuality and that the rules of the Association of Food Distributors, Inc., did not afford an opportunity for a fair and impartial arbitration, Ave are of the view that the proof establishes that the claims are Avithout merit. There is not a scintilla of evidence that the award here was procured by corruption, fraud or other undue means or that there was partiality in the arbitrators.
The order should be reversed, Avitli $20 costs and disbursements and the motion to confirm the award of the arbitrators should be granted.